J-S10034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRANCE SMITH | |
| Appellant | No. 3064 EDA 2015 |

Appeal from the Judgment of Sentence dated September 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008093-2013

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 18, 2017**

Appellant, Terrance Smith, appeals from his judgment of sentence of

an aggregate of five and one-half to fourteen years' incarceration, followed

by eight years' probation. We affirm.

The underlying facts, as recounted by the trial court, are as follows:

> [O]n November 18, 2011, . . . police observed [Appellant]
> hand small objects to another person, Will Pryor, in front of 1673
> Orthodox Street, in the city and county of Philadelphia. As police
> arrived, Will Pryor immediately discarded packets containing
> cocaine, which is a prohibited narcotic controlled substance
> pursuant [to] Schedule II of [] 28 Pa. Code § 25.72(c)(2)(xi).
>
> As the uniformed officers approached, [Appellant] also
> immediately fled and removed a .45 caliber handgun from his
> waistband and threw it over a fence during the pursuit.
> [Appellant] physically fought with the responding officers until
> eventually subdued and placed under arrest. This discarded
> semi-automatic firearm was recovered by the officers and
> determined to be operable, loaded and ready to fire with ten
> rounds in the magazine and one in the chamber. Also, the sum
> of $250.00 was . . . recovered from [Appellant's] clothing when

arrested. [Appellant] possessed no license to possess or carry the confiscated firearm.

Trial Ct. Op., 6/10/16, at 5.

On April 6, 2015, Appellant entered an open guilty plea for the crimes of carrying a firearm without a license, possession with intent to deliver a controlled substance, and carrying a firearm on public streets in Philadelphia. Trial Ct. Op. at 2.[1] The sentencing court ordered a presentence investigation report ("PSI") and mental health evaluation of Appellant. *Id.* at 3.

On September 22, 2105, following a sentencing hearing, the court sentenced Appellant to three to seven years' incarceration for carrying a firearm without a license, one and one-half to five years' incarceration followed by five years' probation for possession with intent to deliver a controlled substance, and one to two years' incarceration followed by three years' probation for carrying a firearm on public streets in Philadelphia. Trial Ct. Op. at 3. The court ordered that all three sentences be run consecutively, resulting in an aggregate sentence of five and one-half to 14 years' incarceration and eight years' probation. *Id.* at 4.

---

[1] 18 Pa.C.S. § 6106(a)(1), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. § 6108, respectively. In exchange for Appellant's guilty plea, the Commonwealth agreed to dismiss Appellant's three other charges, including a charge of possession of a firearm by a prohibited person (18 Pa.C.S. § 6105(a)(1)), a second-degree felony. Trial Ct. Op. at 2; *see also* Phila. Cty. Criminal Docket, 6/14/16. No agreement was made regarding Appellant's sentence. Trial Ct. Op. at 2.

Appellant filed (1) a timely post-sentence motion, which was denied, (2) a timely notice of appeal, and (3) a timely Pa.R.A.P. 1925(b) statement. Trial Ct. Op. at 4. Appellant raises the following issues:

I.     Petitioner's sentence was an abuse of discretion as he was sentenced to 5.5-14 years followed by 8 years of reporting probation which did not follow the dictates of 42 Pa.C.S. § 9721(b) that requires the court to at least consider the particular circumstances of the offense and the character of the defendant.

II.    The trial court abused its discretion when it impermissibly took into account defendant's prior arrests, as if they were convictions.

Appellant's Brief at 6.[2]

A defendant who enters an open guilty plea may appeal the discretionary aspects of his sentence. *Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa. Super. 1994) (citation omitted), *appeal denied*, 655 A.2d 983 (Pa.), *cert. denied*, 516 U.S. 818 (1995). Pursuant to Pa.R.A.P. 2119(f), Appellant must include with his brief "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Appellant has done so. *See* Appellant's Brief at 7. Before we reach the merits of Appellant's issues however, we must determine whether Appellant's Rule 2119(f) statement sets forth a question that Appellant's sentence is inappropriate under the sentencing code, and whether this question is substantial enough to warrant our discretionary

_____

[2] Appellant preserved his first issue in his post-sentence motion, and his second issue by objection on the record at the sentencing hearing.

review. ***Commonwealth v. Colon***, 102 A.3d 1033, 1042-43 (Pa. Super. 2014), ***appeal denied***, 109 A.3d 678 (Pa. 2015); ***see also*** 42 Pa.C.S. § 9781(b) (providing that this Court has discretion to allow an appeal of the discretionary aspects of a sentence only if the appeal presents a substantial question as to the sentence's propriety).

Here, Appellant's Rule 2119(f) statement raises several interrelated issues. Appellant claims that his aggregate sentence of a minimum of five and one-half years' incarceration was manifestly excessive because the sentences he received on the three separate counts were imposed to run consecutively. Appellant's Brief at 7-8. As evidence of excessiveness, Appellant asserts that the aggregate sentence was "well over double what the guidelines of 30-42 +/- 12 months called for," and that it was in excess of the Commonwealth's recommended sentence. ***Id.***[3] Finally, Appellant complains that the court did not take into account the sentencing factors required under 42 Pa.C.S. § 9721(b), such as "Appellant's background, remorse, acceptance of responsibility, and whether Appellant could be rehabilitated," and that the court improperly considered Appellant's "prior acts, many of which were not convictions." ***Id.*** at 7-9.

"A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines presents a substantial question."

---

[3] The Commonwealth requested an aggregate sentence of five to ten years' incarceration, followed by five years' probation. N.T. at 9.

*Commonwealth v. Tirado*, 870 A.2d 362, 366 (Pa. 2005). Appellant's claim that his sentence is excessive as "well over double" the guidelines ranges, therefore appears, at first blush, to present a substantial question, warranting our review of whether Appellant's sentence constituted an abuse of discretion. Appellant's Rule 2119(f) statement, however, does not state what the guideline sentence ranges were for each of his three counts, and the specific sentences he received for each of those counts. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (requiring that the Rule 2119(f) statement specify where the sentence falls in relation to the sentencing guidelines).

Upon further investigation, we discern that each of Appellant's three sentences actually falls within the recommended sentencing guidelines.[4] The imposition of these sentences as consecutive does not, alone, render the aggregate sentence outside the guidelines. *See* 42 Pa.C.S. § 9721(a) (permitting a court to impose sentences to run consecutively).

---

[4] For carrying a firearm without a license, Appellant received a sentence of a minimum of 36 months' incarceration; the standard guidelines range spanned a minimum of 30 to 42 months' incarceration. *See* N.T., 9/22/15, at 6. For possession with intent to deliver, Appellant received a sentence of a minimum of 18 months' incarceration; the standard guidelines range called for a minimum of 12 to 18 months' incarceration. *Id.* Finally, for carrying a firearm on the public streets of Philadelphia, Appellant was sentenced to a minimum of 12 months' incarceration; the standard guidelines range for this count ranged from a minimum of six to sixteen months' incarceration. *See* Basic Sentencing Matrix, 204 Pa. Code § 303.16(a); Offense Listing, 204 Pa. Code § 303.15 (listing an offense gravity score of 5); N.T. at 6 (Appellant has a prior record score of 3).

When a sentence falls within the guidelines, as does Appellant's, we determine whether a substantial question as to excessiveness exists not by examining the merits of whether the sentence is actually excessive, but through examination of "whether the appellant has forwarded a plausible argument that the sentence . . . is clearly unreasonable." **Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2013), **appeal denied**, 91 A.3d 161 (Pa. 2014).

Appellant complains that his aggregate sentence is excessive due to the imposition of consecutive sentences. "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Dodge**, 77 A.3d at 1270. To determine whether the imposition of consecutive sentences presents a substantial question, then, we decide "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." **Id.** at 1269.

Here, Appellant was dealing drugs, carrying a loaded and unlicensed firearm, and fought with his arresting officers until he was subdued. In light of these facts, we cannot say that, on its face, the sentencing court's decision to run Appellant's one year and one and one-half year minimum sentences consecutively to each other and to his three year minimum

sentence (resulting in an aggregate five and one-half years' minimum incarceration, rather than three years' minimum incarceration), is clearly excessive or unreasonable.

However, Appellant also claims that the court did not consider the sentencing factors listed in 42 Pa.C.S. § 9721(b), including "Appellant's background, remorse, acceptance of responsibility, and whether Appellant could be rehabilitated." As we have previously noted, "a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider the defendant's rehabilitative needs upon fashioning its sentence, presents a substantial question." **Commonwealth v. Bonner**, 135 A.3d 592, 604 (Pa. Super.) (quotation marks, brackets, and citation omitted), **appeal denied**, 145 A.3d 161 (Pa. 2016).[5] Moreover, Appellant contends that the court improperly based its sentence on Appellant's prior arrests. Reliance on impermissible sentencing

_____

[5] We acknowledge that where a sentence falls within the guidelines, an argument that the sentencing court failed to consider or did not accord appropriate weight to various sentencing factors does not necessarily raise a substantial question. In **Dodge**, 77 A.3d at 1272 n.8, we observed:

>[T]his Court's determination of whether an appellant has presented a substantial question in various cases has been less than a model of clarity and consistency, even in matters not involving excessive sentence claims. . . . Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.

factors can raise a substantial question. ***Dodge***, 77 A.3d at 1273 (citing

***Commonwealth v. Roden***, 730 A.2d 995 (Pa. Super. 1999)). Appellant,

therefore, has raised a substantial question to the extent that he challenges

whether the court properly considered the sentencing factors or

impermissibly considered other factors when determining whether to run his

sentences consecutively. We turn to the merits of these issues.

Upon appeal from an imposed sentence, we consider the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

> ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006). Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §§ 9781(c) and (d). Subsection 9781(c) provides:

> > The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

> > > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

> > > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Raven***, 97 A.3d 1244, 1253-54 (Pa. Super.), ***appeal denied***, 105 A.3d 736 (Pa. 2014). Furthermore,

the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b). The court shall not impose a sentence of total confinement without "regard to the nature and circumstances of the crime and the history, character, and condition of the defendant." 42 Pa.C.S. § 9725.

Here, Appellant claims that the court abused its discretion when it failed to take into account the family support he had and his lack of felony convictions. Appellant's Brief at 11. However, the record reflects that the court took into consideration Appellant's family background and the sentencing guidelines, which are based on Appellant's prior record score. *See* N.T. at 19-20. Appellant also complains that the court did not consider his exercise of allocution to be mitigating. Appellant's Brief at 14.[6] However, a sentencing court is not required to address each mitigating factor on the record, but only to generally state its reasons for the sentence imposed. *Commonwealth v. Samuel*, 102 A.3d 1001, 1007–08 (Pa. Super. 2014), *appeal denied*, 134 A.3d 56 (Pa. 2016).

Moreover, the court had the benefit of a PSI. We therefore presume that the court was fully apprised of all mitigating information contained therein. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. . . . [S]entencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence

---

[6] During his brief allocution, Appellant expressed remorse, his ability to reform, and his desire to return to caring for his daughter. N.T. at 18-19.

report, the sentencing court's discretion should not be disturbed"); *accord Commonwealth v. Johnson*, 125 A.3d 822, 827 (Pa. Super. 2015). Appellant's claims related to this issue are therefore belied by the record.

Finally, Appellant claims that the sentencing court improperly considered his prior arrests. Appellant's Brief at 15. He complains that the court "reiterated this information . . . before it even mentioned his convictions" and asserts that the court based his sentence on "red flags," "a fairly large number of arrests," "guns and drugs," and "combative behavior." *Id.* Appellant cites *Commonwealth v. Johnson*, 481 A.2d 1212 (Pa. Super. 1984), for the proposition that "[t]hough it is proper for a court to consider previous arrests, [it] must recognize that the defendant has not been convicted of the charges, which is different from [the sentencing judge's] sentencing rationale." Appellant's Brief at 15.

As we noted in *Johnson*, a sentencing court is permitted to consider a defendant's prior arrests that did not result in convictions:

> A sentencing court must examine the circumstances of the crime and the individual background of the defendant since the sentence imposed must be the minimum punishment consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. The court may also consider a defendant's prior arrests which did not result in convictions, as long as the court recognizes that the defendant had not been convicted of the charges. Broad discretion is reposed in the sentencing judge to receive relevant information. Generally, the imposition of a sentence is within the discretion of the trial court and is left undisturbed on appeal because the trial court is in a better position to weigh factors involved in its determination; however, this discretion must be exercised within

certain procedural limits, including consideration of sufficient and accurate information.

***Johnson***, 481 A.2d at 1214 (citations omitted).

Here, as explained by the sentencing court:

In the instant case, this Court, [ ] cautioned the prosecutor and directed her to cease speaking about the Defendant's arrests and limit her sentencing arguments to adjudicated matters. Hence, on the record, this trial court voiced unequivocal comprehension of the limited basis for which the arrests that did not result in adjudications or convictions may be measured. These arrests were not to be unduly weighed or considered as showing criminal conduct . . . . This Court exercised sound judgment when reviewing the Defendant's prior arrests along with all of the other documented relevant sentencing factors. The sentences as imposed were reasonable after appropriately examining the need for public protection, the gravity of the crimes at issue, and the Defendant's rehabilitative needs consistently with the requirements of 42 Pa.[C.S.] § 9721.

Trial Ct. Op. at 11 (citation to the record omitted). The record supports that the sentencing court sustained Appellant's objection to the Commonwealth's recounting of Appellant's prior arrests. ***See*** N.T. at 14-15. The court therefore complied with ***Johnson***, by recognizing on the record that Appellant's prior arrests did not result in convictions.

Moreover, it does not appear from the record that the sentencing court gave undue weight to Appellant's prior arrests. Before announcing sentence, and amidst recounting other considerations of Appellant's character, history, and mitigating factors, the sentencing court stated:

I have taken into consideration the red flags, as they say, that I see within your background that point to someone who is

potentially dangerous to law enforcement as well as to folks within the Community.

Your combative behavior keeps surfacing in one form or another. That is most troublesome to the Court because, at the end of the day, I have the safety of the community to think about.

\* \* \*

But I keep seeing drugs and guns and combative behavior, and that is very troublesome with respect to you. This is not your first time up at bat, obviously.

With respect to your background, a considerably fairly large number of arrests, some convictions, and that progressed through time. It started as a juvenile.

N.T. at 19-20. Rather than a "reiteration" of Appellant's prior arrests, as asserted by Appellant, the sentencing court was responding to Appellant's convictions. As recounted during sentencing by the Commonwealth, Appellant's convictions include:

The defendant was convicted twice for simple assault as a juvenile. Those are not part of his prior record score but can be considered by the Court.

The defendant was convicted of simple assault, resisting arrest, for struggling with two police officers and actively resisting back in 2006.

The defendant was convicted of possession of an instrument of crime and recklessly endangering another person for discharging a loaded weapon in a residential housing area.

The defendant pleaded guilty in this case to carrying a loaded weapon once again on the streets while he was conducting drug sales.

N.T. at 15. Although the instant case is Appellant's first conviction for a drug charge, the sentencing court did not err by stating that Appellant's history

included "drugs and guns and combative behavior." We therefore find no reason in the record to conclude that Appellant's sentence was a result of an abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2017